NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
FEB 2 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-501-KSF

MARK CECIL THURMAN                                                       PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT, WARDEN                                                    RESPONDENT

### INTRODUCTION

Mark Cecil Thurman, an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee. This matter is before the court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571, 577 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and liberally construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

### BACKGROUND

Thurman was convicted by a jury on November 1, 2001, on three counts of tax fraud and twelve counts of assisting in filing fraudulent returns, both under 26 U.S.C. §7206, and sentenced to 30 months on each count to run concurrently with one another. *United States v. Mark Thurman*, 01-CR-6040, United States District Court for the Southern District of Florida (Record Nos. 53, 60

1

therein). Thereafter Thurman pleaded guilty on October 16, 2002, of conspiracy to defraud the United States under 18 U.S.C. §371 and of wire fraud under 18 U.S.C. §1343, and sentenced to 60 months and 36 months respectively, to run consecutively. *United States v. Mark Thurman*, 01-CR-6044, United States District Court for the Southern District of Florida (Record Nos. 138, 157 therein). Finally, Thurman was convicted by a jury on October 31, 2001, of being a felon in possession of a firearm under 18 U.S.C. §922 and sentenced to 18 months' incarceration to run concurrently with his prior sentences. *United States v. Mark Thurman*, 01-CR-6084, United States District Court for the Southern District of Florida (Record Nos. 34, 52 therein).

In his present petition, filed December 5, 2005, Thurman asserts that the Bureau of Prisons ("BOP") is incorrectly computing his good conduct time ("GCT") under 18 U.S.C. §3624(b). Under the BOP calculation, Thurman asserts that a prisoner may receive 47 days of GCT for each year of prison time actually served. Thurman asserts that the only permissible construction of the statute is that a prisoner must receive 54 days of GCT for each year of the prison term imposed at the time of sentencing. Thurman further asserts that the BOP's application of the GCT statute violates his due process rights under the Fifth Amendment, but offers no explanation as to the manner in which his rights are violated. Thurman has demonstrated exhaustion of his available administrative appeal rights with the Bureau of Prisons as set forth at 28 C.F.R. §542.10-.19.

## DISCUSSION

Thurman avers that the BOP's calculation of GCT at a maximum rate of 47 days per year contradicts the plain meaning of 18 U.S.C. §3624(b), which expressly allows for up to 54 days of GCT per year. In support of his position, Thurman argues that (1) the phrase "term of imprisonment" in the statute must be informed by Congress's use of the phrase elsewhere; (2) the BOP's interpretation of the statute is not entitled to deference under *Chevron*; (3) his interpretation

2

should be favored under the "rule of lenity"; and (4) the BOP's application of the statute violates his right to due process under the Fifth Amendment to the Constitution of the United States.

The GCT statute provides:

> ... a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ...

18 U.S.C. §3624(b)(1).

Thurman's reading of the statute has been endorsed by three district courts, but those holdings have been either reversed on direct appeal or subsequently overruled by the court of appeals for the circuit in which the district court sits. *Moreland v. Federal Bureau of Prisons*, 363 F.Supp.2d 882 (S.D. Tex.), *rev'd*, 2005 WL 3030414 (C.A.5 (Tex.)); *White v. Scibana*, 314 F.Supp.2d 834 (W.D.Wis.), *rev'd*, 390 F.3d 997 (7th Cir. 2004); *Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004), *overruled by Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005). Thurman's position has also been rejected by three other circuit courts of appeal. *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1268-69 (9th Cir. 2001); *O'Donald v. Johns*, 402 F.3d 172 (4th Cir. 2005). The Sixth Circuit has previously upheld the propriety of the BOP's method of calculating GCT in two unpublished dispositions, *Brown v. Hemingway*, 53 Fed.Appx. 338, 339, 2002 WL 31845147 (6th Cir. 2002) (unpublished decision); *Williams v. Lamanna*, 20 Fed.Appx. 360, 361, 2001 WL 1136069 (6th Cir. 2001) (unpublished decision), and recently in a published opinion, *Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005). The Court concurs with the well-established precedent in the Sixth Circuit and other circuit courts of appeal in concluding that the BOP's calculation of GCT fully comports with 18 U.S.C. §3624(b)(1).

Thurman's non-specific allegation that the BOP's implementation of the GCT statute somehow violates his due process rights under the Fifth Amendment also fails. Thurman's failure to support his claim with any facts fails to satisfy even the minimal pleading requirements demanded of *pro se* pleadings and therefore must be dismissed. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Sandin v. Conner*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Thurman's petition for writ of habeas corpus is **DENIED**, *sua sponte*.

(2)     The action herein will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

(3)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4)     This is a **FINAL** and **APPEALABLE** Order.

This the 23rd day of February, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE